**EXHIBIT "1"**

Electronically Filed
3/29/2021 5:53 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**KIMBALL JONES, ESQ.**
Nevada Bar No.: 12982
**SHANE D. COX, ESQ.**
Nevada Bar No. 13852
**BIGHORN LAW**
2225 E. Flamingo Road, Building 2, Suite 300.
Las Vegas, Nevada 89119
Phone: (702) 333-1111
Email: Shane@bighornlaw.com
*Attorneys for Plaintiffs*

CASE NO: A-21-831967-C
Department 2

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| JAZMINE TRANESE BURRIS and CORY LAMON MORRIS,<br><br>            Plaintiffs,<br><br>v.<br><br>LUCIA VIRGINIA SPINELLI; HERTZ VEHICLES LLC; THE HERTZ CORPORATION; DOE OWNER, DOE DRIVER, DOE RENTER, ROE OWNER, ROE EMPLOYER, ROE COMPANY, DOES I-V, ROES I-V,<br><br>            Defendants. | CASE NO:<br><br>DEPT. NO: |

### **COMPLAINT**

COMES NOW the Plaintiffs, JAZMINE TRANESE BURRIS and CORY LAMON MORRIS, by and through their attorneys, KIMBALL JONES, ESQ. and SHANE D. COX, ESQ., of the law firm of **BIGHORN LAW**, and for their causes of action against the Defendants, and each of them, alleges as follows:

1.   That Plaintiff, JAZMINE TRANESE BURRIS (hereinafter referred to as "Plaintiff" or "BURRIS"), was at all times relevant to this action a resident of Clark County, Nevada.

2.   That Plaintiff, CORY LAMON MORRIS (hereinafter referred to as "Plaintiff" or "MORRIS"), was at all times relevant to this action a resident of Clark County, Nevada.

3. MORRIS and BURRIS are hereinafter jointly referred to as "Plaintiffs."

4. Upon information and belief, that at all times relevant to this action Defendant LUCIA VIRGINIA SPINELLI (hereinafter referred to as "DEFENDANTS" or "SPINELLI") is and was a resident of Buenos Aires, Argentina.

5. Upon information and belief, that at all times relevant to this action Defendant HERTZ VEHICLES LLC (hereinafter referred to as "DEFENDANTS" or "HERTZ VEHICLES") is and was a foreign limited-liability company doing business in Clark County, Nevada.

6. Upon information and belief, that at all times relevant to this action Defendant HERTZ VEHICLES LLC (hereinafter referred to as "DEFENDANTS" or "HERTZ VEHICLES") is and was a foreign limited-liability company doing business in Clark County, Nevada.

7. Upon information and belief, that at all times relevant to this action Defendant THE HERTZ CORPORATION (hereinafter referred to as "DEFENDANTS" or "HERTZ") is and was a foreign corporation doing business in Clark County, Nevada.

8. Upon information and belief, that at all times relevant to this action Defendant(s) SPINELLI and/or DOE DRIVER was driving an automobile owned by Defendant(s) HERTZ VEHICLES and/or HERTZ and/or DOE OWNER and/or ROE OWNER at the time of the subject collision.

9. Upon information and belief, that at all times relevant to this action, Defendant(s) DOE OWNER, was and is a resident of Clark County, Nevada.

10. Upon information and belief, that at all times relevant to this action, Defendant(s) DOE RENTER, was and is a resident of Clark County, Nevada.

11. Upon information and belief, that at all times relevant to this action, Defendant(s) ROE OWNER and/or ROE EMPLOYER and/or ROE COMPANY, was an entity doing business

in the State of Nevada and was directing the course and scope of the actions of Defendants, and each of them, at the time of the incident herein described.

12. Upon information and belief, that at all times relevant to this action, Defendant(s) ROE OWNER and/or ROE EMPLOYER and/or ROE COMPANY was employing Defendant(s), and each of them, and each of said Defendant(s) were acting in the course and scope of said employment at all times relevant to the incident described herein.

13. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V and ROES I through V, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.

14. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as DOE and ROE are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V and ROES I through V, when the same have been ascertained, and to join such Defendants in this action.

15. That on or about April 11, 2019, Plaintiff MORRIS was operating and driving a motor vehicle, namely a 2016 Nissan Altima (hereinafter referred to as "Plaintiffs' Vehicle") on the public streets of Clark County, Nevada.

16. At that time and place, Plaintiff BURRIS was a fault free passenger in Plaintiffs' Vehicle.

17. Upon information and belief, that at that place and time, Defendant SPINELLI and/or DOE DRIVER was operating and driving a motor vehicle, namely a 2017 Toyota Yaris (hereinafter referred to as "Defendants' Vehicle"), owned by Defendant HERTZ VEHICLE and/or HERTZ and/or DOE OWNER and/or ROE OWNER, on the public streets of Clark County, Nevada, when she negligently, recklessly, and carelessly failed to yield at a red

traffic light causing Plaintiffs' Vehicle to drive into a large metal pole, after traveling over the sidewalk portion of the intersection.

18. That DEFENDANTS, and each of them, had a duty to drive in a reasonable manner and to follow the rules of the road.

19. That DEFENDANTS, and each of them, breached this duty to Plaintiffs by negligently causing Plaintiffs' Vehicle to crash into the large metal pole.

20. That the collision occurred in Clark County, Nevada.

21. That this Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorney's fees, interest, and costs.

22. That this Court has personal jurisdiction in this matter, as the incidents, transactions and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

**FIRST CAUSE OF ACTION**

23. Plaintiffs incorporate by this reference all of the allegations of the foregoing paragraphs, as though completely set forth herein.

24. That at the time of the collisions herein complained of, and immediately prior thereto, Defendants, and each of them, in breaching a duty owed to Plaintiffs, were negligent and careless, inter alia, in the following particulars:

A. In failing to keep Defendants Vehicle under proper control;

B. In operating Defendants Vehicle without due caution for the rights of the Plaintiffs;

C. In failing to keep a proper lookout for Plaintiffs' Vehicle and other vehicles in front of them;

D. In failing to keep a proper lookout for other traffic signals;

E. In failing to obey applicable traffic signals;

F. In failing to use due care for the safety of Plaintiff;

G. Negligent hiring, supervision, training, entrustment;

H. Vicarious liability through operation of NRS 41.440;

I. Vicarious liability through operation of NRS 41.130;

J. In violating NRS 484B.300 and/or NRS 484B.307;

K. Respondeat superior;

L. The Defendant(s), and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances, and Plaintiff will pray leave of Court to insert the exact citations at the time of trial.

25. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, Plaintiffs, suffered loss of property in an amount not yet fully determined.

26. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, PLAINTIFFS suffered physical injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to Plaintiffs' damage in an amount in excess of $15,000.00 each.

27. As a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, PLAINTIFFS have been caused to expend monies for medical and miscellaneous expenses and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

28. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, Plaintiffs have suffered physical injury

and was otherwise injured in and about Plaintiffs' head, neck, back, legs, arms, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to Plaintiffs' damage in an amount in excess of $15,000.00 each.

29. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, Plaintiffs have been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

30. Prior to the injuries complained of herein, Plaintiffs were able-bodied individuals capable of being gainfully employed and capable of engaging in all other activities for which Plaintiffs were otherwise suited. By reason of the premises, and as a direct and proximate result of the negligence of the said Defendants, and each of them, Plaintiffs were caused to be disabled and limited and restricted in Plaintiffs' occupations and activities, which caused Plaintiffs a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiffs' earning capacity and future loss of wages, all to Plaintiffs' damage in a sum not yet presently ascertainable, the allegations of which Plaintiffs will pray leave of Court to insert herein when the same shall be fully determined.

31. Plaintiffs have been required to retain the law firm of BIGHORN LAW to prosecute this action, and are entitled to recover Plaintiffs' attorneys' fees, case costs and prejudgment interest.

/ / /

/ / /

## SECOND CAUSE OF ACTION

33. PLAINTIFFS incorporate by this reference all of the allegations all prior paragraphs, hereinabove, as though completely set forth herein.

34. That at the time of the accident herein complained of, and immediately prior thereto, DEFENDANT HERTZ VEHICLE and/or DEFENDANT HERTZ and/or DOE OWNER I-V and/or ROE OWNER, was the registered owner of Defendants Vehicle, which was being driven by DEFENDANT SPINELLI and/or DOE DRIVER I-V.

35. That at the time of the incident herein complained of, and immediately prior thereto, DEFENDANT HERTZ VEHICLE and/or DEFENDANT HERTZ and/or DOE OWNER I-V and/or ROE OWNER, permitted, express or implied, DEFENDANT SPINELLI and/or DOE DRIVER I-V, to drive and operate its/their vehicle.

36. That as a result of the express or implied permission stated herein, DEFENDANT HERTZ VEHICLE and/or DEFENDANT HERTZ and/or DOE OWNER I-V and/or ROE OWNER, is/are joint and severally liable for any damages proximately resulting from the negligent actions and conduct of DEFENDANT SPINELLI and/or DOE DRIVER I-V, as alleged within this Complaint.

37. That upon information and belief, DEFENDANT HERTZ VEHICLE and/or DEFENDANT HERTZ and/or DOE OWNER I-V and/or ROE OWNER, knew or should have known, that DEFENDANT SPINELLI and/or DOE DRIVER I-V, was an inexperienced or incompetent or irresponsible driver, yet still entrusted its/their vehicle to DEFENDANT SPINELLI and/or DOE DRIVER I-V.

38. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of said DEFENDANTS, and each of them, Plaintiffs, suffered physical injury and was otherwise injured in and about their necks, backs, legs, arms, organs, and

systems, and were otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to Plaintiffs' damage in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00) each.

39. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, Plaintiffs have been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

40. Prior to the injuries complained of herein, Plaintiffs were able-bodied individuals, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiffs were otherwise suited.  By reason of the premises, and as a direct and proximate result of the negligence of the said DEFENDANTS, and each of them, Plaintiffs were caused to be disabled and limited and restricted in his occupations and activities, which caused Plaintiffs a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiffs' earning capacity and future loss of wages, all to Plaintiffs' damages in a sum not yet presently ascertainable, the allegations of which Plaintiffs pray leave of Court to insert herein when the same shall be fully determined.

41. Plaintiffs have been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to recover his attorneys' fees, case costs and prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, expressly reserving the right herein to include all items of damage, demands judgment against Defendants, and each of them, as follows:

1. General damages for Plaintiff JAZMINE TRANESE BURRIS, in an amount in excess of $15,000.00;

2. Special damages for Plaintiff JAZMINE TRANESE BURRIS's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Special damages for Plaintiff JAZMINE TRANESE BURRIS's lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount.

4. Special damages for Plaintiff JAZMINE TRANESE BURRIS's incurred property damage and other incidental damages;

5. General damages for Plaintiff CORY LAMON MORRIS in an amount in excess of $15,000.00;

6. Special damages for Plaintiff CORY LAMON MORRIS's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

7. Special damages for Plaintiff CORY LAMON MORRIS's lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount.

/ / /

/ / /

/ / /

8. Special damages for Plaintiff CORY LAMON MORRIS's incurred property damage and other incidental damages;

9. Costs of this suit;

10. Attorney's fees; and

11. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 29th day of March, 2021.

**BIGHORN LAW**

By: /s/ Shane D. Cox
**KIMBALL JONES, ESQ.**
Nevada Bar No.: 12982
**SHANE D. COX, ESQ.**
Nevada Bar No. 13852
2225 East Flamingo Road,
Building 2, Suite 300
Las Vegas, Nevada 89119
*Attorneys for Plaintiffs*